UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ANTWON HERRON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| VS. | )    No. 15-2145-JDT-dkv |
| | ) |
| TERRY BARLOW, ET AL., | ) |
| | ) |
|     Defendants. | ) |

ORDER TO MODIFY THE DOCKET,
DISMISSING COMPLAINT AND GRANTING LEAVE TO AMEND

On February 26, 2015, Plaintiff Keith Herron ("Herron"), who is presently incarcerated at the West Tennessee Detention Facility in Mason, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, accompanied by a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) In an order issued March 2, 2015, the Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.) The Clerk shall record the Defendants as Memphis Police Department ("MPD") Officers D. Voyles; J. Cline; J. McDonald; First Name Unknown ("FNU") Girouard;[1] FNU Lawson; FNU Lashley; FNU Moody; FNU Roseberry; FNU Green; FNU Crawford; and FNU Sansone; and MPD Detective ("Det.") R. Wooley.

---

[1] The Clerk is directed to MODIFY the docket to reflect that the spelling of Defendant Girounrd's name should be Girouard.

## I. The Complaint

Herron alleges that on May 24, 2014, he was severely beaten by several officers in North Memphis. (ECF No. 1 at 2.) Herron further alleges that he was placed in the back of the police car with the heat on high and the windows closed, causing him to get sick and request to go to the hospital; however, the officers stated there was nothing wrong with him and refused him medical care. (*Id.*) Herron alleges that Defendants Voyles, Girouard, Lawson, Cline, Green, Crawford, Sansone, Woolley and McDonald subjected him to excessive heat, dragged him from the police car to the police station, and refused to give him medical treatment after he had seizures. (ECF No. 1-1 at 1.)

Herron alleges that the Defendants also made statements to prevent other people from assisting him in obtaining medical treatment:

> So they (MPD Det.) stated aint shit wrong with him. If Yall (M.F.D.) take him to the hospital; I'm (unknown named Detective) going to go ahead and charge him with all these charges because I (unknown name) don't have the time to wait intil he (Herron) get back from the hospital, (Per M.F.D.) on @ later day.

(*Id.* at 2.) During this time, Herron was "having repeatally [sic] seizures" leaving Herron in severe pain. (*Id.* at 3.)

Herron seeks punitive, compensatory, and actual damages as well as the appointment of counsel. (ECF No. 1 at 3.)

## II. Analysis

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

2

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies the standards under Federal Rules of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions . . . are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." *Hill*, 630 F.3d at 470 (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 328-29 (1989)).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, *Iqbal*, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. *Neitzke*, 490 U.S. at 327-28, 109 S. Ct. 1827.

*Id.* at 471.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants and prisoners are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th

Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

Herron filed his complaint on the court-supplied form for actions under 42 U.S.C. § 1983. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Herron's claim for use of excessive force effectuated upon arrest is analyzed under the Fourth Amendment. *Graham v. Connor*, 490 U.S. 386, 394 (1989). Not every use of force will state a § 1983 claim. "[T]he right to make an arrest or investigatory stop

necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Id.* at 396 (citation omitted). "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.* (citation omitted); *see also id.* at 396-97 ("The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation."). The "reasonableness" inquiry is an objective one: "the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id.* at 397 (citations omitted). The proper application of this standard

> requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.

*Id.* at 396 (citation omitted); *see also Baker v. City of Hamilton, Ohio*, 471 F.3d 601, 606 (6th Cir. 2006). "These factors are not an exhaustive list, as the ultimate inquiry is whether the totality of the circumstances justifies a particular sort of seizure." *Baker*, 471 at 606-07 (internal quotation marks omitted).

In this case, Herron accuses the Defendants of severely beating him during the course of the arrest. However, the complaint does not describe the circumstances of the arrest or specify the precise actions taken by each individual Defendant; nor does it describe Herron's own actions. Therefore, Herron has not provided sufficient factual

6

details regarding the alleged excessive force to establish a plausible claim that each individual Defendant's actions were objectively unreasonable under the Fourth Amendment.

Herron also claims that the Defendants refused to provide him with immediate medical care even though he told them he was getting sick because of the heat inside the police car and then began having seizures. The Sixth Circuit "has not resolved whether the Fourth Amendment's objective reasonableness standard or the more onerous Fourteenth Amendment deliberate indifference standard governs claims for failure to provide medical care prior to a probable cause determination." *Bonner-Turner v. City of Ecorse*, 627 F. App'x 400, 406 n.2 (6th Cir. 2015); *see also Smith v. Erie Cnty. Sheriff's Dep't*, 603 F. App'x 414, 418-22 (6th Cir. 2015) ("We need not precisely articulate the controlling standard here, because the undisputed evidence establishes neither a Fourth nor Fourteenth Amendment violation."); *Boone v. Spurgess*, 385 F.3d 923, 933-34 (6th Cir. 2004) (expressing a preference for the Fourth Amendment standard but also declining to decide the issue because the plaintiff had not made out a case under either standard).

In this case also, Herron's complaint fails to state a claim for denial of medical care under either the Fourth or the Fourteenth Amendments. Under the Fourth Amendment:

> The objective reasonableness test requires courts to consider the reasonableness of an officer's actions in light of the totality of the circumstances, and from the perspective of a reasonable officer on the scene, rather than with the advantage of hindsight. *Darrah*[ *v. City of Oak Park,* 255 F.3d [301,] 307 [6th Cir. 2001)]. Good intent does not mitigate

unreasonable actions, as bad intent does not render reasonable behavior unconstitutional. *Dunigan*[ *v. Noble*]*,* 390 F.3d [486,] 493 [6th Cir. 2015]. We balance "the nature and quality of the intrusion on [a plaintiff's] Fourth Amendment interests against the countervailing governmental interests at stake." *Ciminillo v. Streicher,* 434 F.3d 461, 466–67 (6th Cir.2006).

*Smith v.*, 603 F. App'x at 419.

The Fourteenth Amendment's deliberate indifference standard is equivalent to that under the Eighth Amendment. *Id.* The test has both objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *Williams v. Curtin*, 631 F.3d at 383; *Mingus v. Butler,* 591 F.3d 474, 479-80 (6th Cir. 2010). The objective component requires that the deprivation be "sufficiently serious." *Farmer*, 511 U.S. at 834; *Hudson*, 503 U.S. at 8; *Wilson*, 501 U.S. at 298. "A medical need is serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980) (quoting *Laaman v. Helgemoe*, 437 F. Supp. 269, 311 (D.N.H. 1977)).

Although Herron alleges that he was denied immediate medical care, he again does not detail the actions taken by each Defendant. In addition, while it is alleged that "each officer" told Herron there was nothing wrong with him, the complaint does not sufficiently allege that any specific Defendant knew that Herron was actually ill or was having seizures.[2]

---

[2] Herron does not describe the seizures or give any details suggesting that it would have been obvious to a layperson that he was having seizures and needed medical treament.

8

For all of the foregoing reasons, Herron's complaint is subject to dismissal in its entirety for failure to state a claim on which relief can be granted.

III. Leave to Amend

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, No. 12-1403, 2013 WL 646489, at *1 (1st Cir. Feb. 22, 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Brown*, 2013 WL 646489, at *1; *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) ("*in forma pauperis* plaintiffs who file complaints subject to dismissal under Rule 12(b)(6) should receive leave to amend unless amendment would be inequitable or futile"); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court cannot conclude that any amendment to Herron's claims would be futile as a matter of law.

## IV. Conclusion

The Court DISMISSES Herron's complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). However, leave to amend is GRANTED. Any amended complaint must be filed within thirty (30) days after the date of this order. Herron is advised that an amended complaint will supersede the original pleadings and and must be complete in itself without reference to those prior pleadings. The text of the complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint. All claims alleged in an amended complaint must arise from the facts alleged in the original complaint. Each claim for relief must be stated in a separate count and must identify each defendant sued in that count. If Herron fails to file an amended complaint within the time specified, the Court will assess a strike pursuant to 28 U.S.C. § 1915(g) and enter judgment.

Herron is reminded that he must promptly notify the Clerk of any change of address or extended absence. Failure to comply with these requirements, or any other order of the Court, may result in the dismissal of this case without further notice.

IT IS SO ORDERED.

      s/ **James D. Todd**
      JAMES D. TODD
      UNITED STATES DISTRICT JUDGE