```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```

```
KEITH HERRON,                      )
                                   )
     Plaintiff,                    )
                                   )
v.                                 )     15-cv-2145-TLP-tmp
                                   )
DAVID VOYLES,                      )
                                   )
     Defendant.                    )
```

## REPORT AND RECOMMENDATION

Before the court by orders of reference are motions to amend the complaint and a motion to strike, filed *in forma pauperis* by *pro se* prisoner plaintiff Keith Herron, and a motion to dismiss, filed by defendant David Voyles.  (ECF Nos. 19, 20, 28, 46, 72, 73.)  Herron filed his original complaint against Voyles and 12 other defendants on February 26, 2015.  (ECF No. 1.)  The court dismissed this complaint on April 12, 2016, for failure to state a claim but gave Herron leave to file an amended complaint, which Herron did, on July 12, 2016.  (ECF Nos. 5, 12.)  Upon reviewing the first amended complaint, on August 22, 2016, the court dismissed 12 of the defendants and all but one of Herron's claims against the sole remaining defendant — Voyles.  (ECF No. 15.)  On September 20, 2016, Herron filed a petition for the court to alter its judgment combined with a motion to amend the complaint and a

proposed second amended complaint. (ECF Nos. 19, 20.) Although the court has not yet ruled on the proposed second amended complaint, Voyles filed an answer to this proposed amended complaint on December 5, 2016, and Herron filed a motion to strike the affirmative defenses in Voyles's answer on February 2, 2017, to which Voyles responded on February 6, 2017. (ECF Nos. 26, 28, 29.) On December 6, 2017, Voyles filed a response to Herron's proposed second amended complaint and a motion to dismiss Herron's complaints in their entirety. (ECF Nos. 46, 47.) Herron responded to Voyles's motion to dismiss on May 3, 2018, and again on June 18, 2018. (ECF Nos. 68, 70.) On June 18, 2018, Voyles also filed another motion to amend the complaint and a proposed third amended complaint. (ECF No. 72.) For the following reasons, the undersigned recommends granting Herron leave to file his proposed third amended complaint in part, denying it in part, and denying the remaining motions.

## I.   PROPOSED FINDINGS OF FACT

The following proposed findings of fact are taken from the fact section of the court's order partially dismissing Herron's first amended complaint:

> Herron alleges that on May 24, 2014, he was beaten by several MPD officers between residential houses located on North Trezevant Street in Memphis. (ECF No. 12 at 3-4.) "Minutes later" he was apprehended by the named Defendants, Lawson, Cline, Voyles, Moody, Roseberry, Green, Girouard, Lashley, Crawford, and Sansone as well as other John Doe officers, all of whom

had their weapons drawn and ordered him to get on the ground. (Id. at 4.) Even though Herron allegedly followed their directions to the letter and did not resist arrest, the officers started beating him, kicking him, and folding his arms and hands together in the middle of his back. (Id.) Herron was later walked to an unknown police vehicle by the John Doe officers. (Id.)

Herron was transported to the next street by John Doe officers as well as MPD Officers Biggs and Jackson, who are not named as parties in this case. Herron remained in the police vehicle for "hours" while the John Doe officers were "playing with a weapon" that was found during his arrest. (Id.) Herron began having signs associated with a seizure ("i.e. smell of flowers, fresh grass cut, flying objects vision, sweating, breat[h]ing hard, fast heart beats, problems with speaking and breat[h]ing deep"), and then he began having a seizure, twisting back and forth, before laying down in the police vehicle. (Id.) A John Doe officer looked directly at Herron, closed all the windows, then turned the heater on high before exiting the vehicle. (Id.) The John Doe officer returned to his vehicle with Defendants Voyles, Cline, Girouard, Lashley, Moody, Roseberry, Green Crawford, and Sansone. (Id.)

At some point thereafter, the aforementioned Defendants and John Doe officers started shouting at Herron to get up, there was nothing wrong with him, and to stop faking because he was facing fifteen years for the weapon. (Id. at 4-5.) Herron alleges that while he was handcuffed, fighting for oxygen, in severe pain and unable to breathe, going into seizures and fighting for his life, Defendant Voyles and a John Doe officer slapped him in the face with their gloves while the other Defendants and John Doe Officers stood watching. (Id. at 5.) He states the seizure continued to become more severe. (Id.)

Herron asserts that sometime later he was awakened by John Doe officers at the police department parking lot on Crump Street yelling at him to get out of the vehicle. (Id.) He alleges that he feared for his life, and his heart was racing before he lost consciousness during a second seizure. (Id.) Herron has no memory of what occurred after that second seizure, but he was later

>   told by non-party EMTs with the Memphis Fire Department that John Doe officers had to drag him into the police station because he would not get out of the vehicle on his own. (Id.) The John Doe officers also allegedly told the EMTs that if the EMTs took Herron to the hospital, the officers were going to go ahead and charge him because he was faking, there was nothing wrong with him. (Id.) The EMTs allegedly told the John Doe officers that they had to take Herron to the hospital because he was non-responsive to their tests that are performed on seizure patients. (Id.) Herron woke up in an ambulance with EMTs performing tests on him. (Id.) At that time a John Doe officer stated that Herron's wife/girlfriend was coming into town and another John Doe officer stated he did not have time to wait for Herron to return from the hospital, that he was faking. (Id.)
>
>   Herron alleges he was discharged from the hospital after receiving medical treatment for his seizure disorder and taken to the Jail. (Id. at 5–6.) Herron continued to have active seizures at the Jail and was transported numerous times to the hospital for treatment. (Id. at 6.)
>
>   Herron "attributes his injuries, severe pain, and suffering to all the named" Defendants and John Does "for use of excessive force, denial of prompt medical treatment, and excessive heat created by them." (Id.) He seeks money damages and requests the appointment of counsel. (ECF No. 1 at 3.)

(ECF No. 15 at 1–4 (footnotes omitted).)

## II.  PROPOSED CONCLUSIONS OF LAW

### A.  Motions Rendered Moot

As a preliminary matter, the court notes that due to the filing of Herron's proposed third amended complaint, most of the other motions at issue have been rendered moot. In the proposed third amended complaint, Herron states that he "realleges and incorporate[s] by [reference], all claims against all previously

-4-

dismissed defendant[s] named in his original complaint." (ECF No. 72 at 1.) The court interprets this statement to mean Herron no longer alleges the facts and claims raised in his proposed second amended complaint. This language indicates that, instead, Herron requests the court to consider the proposed third amended complaint in combination with the facts and claims that the court dismissed in his first amended complaint. Consequently, Voyles's premature answer to the proposed second amended complaint is moot because it addresses factual allegations that Herron has since dropped. Herron's motion to strike is moot because it addresses defenses that are now moot. Finally, the majority of Voyles's motion to dismiss is moot because it is almost entirely focused on the abandoned second amended complaint. The portion of his motion to dismiss that addresses a still valid claim will be analyzed below.

**B.   Standard of Review**

When addressing *in forma pauperis* plaintiffs' or prisoner complaints seeking redress from government action, this court must dismiss a complaint, or any portion thereof, if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); 28 U.S.C. § 1915A(b).

To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)); see also Fed. R. Civ. P. 12(b)(6). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Center for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 678). Without factual allegations in support, mere legal conclusions are not entitled to the assumption of truth. Iqbal, 556 U.S. at 679.

"*Pro se* complaints are held 'to less stringent standards than formal pleadings drafted by lawyers,'" and are thus liberally construed. Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Martin v. Overton, 391 F.3d 710, 712 (6th Cir. 2004)). Even so, *pro se* litigants must adhere to the Federal Rules of Civil Procedure, see Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), and the court cannot create a claim that has not been spelled out in a pleading, see Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011).

**C.   Motion for Revision**

The court interprets Herron's statement that he "realleges . . . all claims against all previously dismissed defendant's" as a

request for the court to revise the August 22 order dismissing part of Voyles's amended complaint. (ECF No. 72 at 2.) The August 22 order is an interlocutory order that may be subject to revision at the discretion of the court. See Fed. R. Civ. P. 54(b) ("[A]ny order. . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment . . . ."); Dietz v. Bouldin, 136 S. Ct. 1885, 1892 (2016) ("[T]he Court has recognized that a district court ordinarily has the power to modify or rescind its orders at any point prior to final judgment in a civil case."); Kimber v. Murphy, No. 18-1228, 2018 WL 2472990, at *1 (6th Cir. Mar. 23, 2018) ("The final decision of the district court has not been entered during the pendency of this appeal; therefore, this court lacks appellate jurisdiction over this interlocutory appeal from the partial dismissal."); Rodriguez v. Tennessee Laborers Health & Welfare Fund, 89 F. App'x 949, 952 (6th Cir. 2004) ("District courts possess the authority and discretion to reconsider and modify interlocutory judgments any time before final judgment.").

The Sixth Circuit has not restricted the instances when a district court may revise an interlocutory order and has merely noted that "[t]raditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an

intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." Rodriguez, 89 F. App'x at 959. However, Local Rule 7.3(b) requires that a party moving for revision of an interlocutory order show the following:

> (1) a material difference in fact or law from that which was presented to the Court before entry of the interlocutory order for which revision is sought, and that in the exercise of reasonable diligence the party applying for revision did not know such fact or law at the time of the interlocutory order; or (2) the occurrence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments that were presented to the Court before such interlocutory order.

In his latest motion to amend, Herron has not presented any arguments related to the requirements of L.R. 7.3(b). Nonetheless, in the "interest of justice and judicial economy," the court will consider whether the August 22 order merits revision for one of the reasons specified in L.R. 7.3(b). Carbon Processing & Reclamation, LLC v. Valero Mktg. & Supply Co., No. 09-2127-STA, 2010 WL 3925261, at *2 (W.D. Tenn. Sept. 29, 2010).

With one exception, the undersigned submits that there are no grounds upon which to revise the August 22 order, which dismissed the excessive force claims against all defendants except Voyles. When a plaintiff claims a government agent, acting under the color of law, violated his or her constitutional rights, the plaintiff "must allege, with particularity, facts that demonstrate what each

-8-

defendant did to violate the asserted constitutional right." See Greer v. City of Highland Park, Michigan, 884 F.3d 310, 315-16 (6th Cir. 2018) (quoting Lanman v. Hinson, 529 F.3d 673, 684 (6th Cir. 2008)). In the first amended complaint, Herron alleges that the defendants collectively beat him for several minutes and failed to stop each other from beating him. The August 22 order recognized that this pleading is insufficient because it does not describe what *each* defendant did. (ECF No. 15 at 4.)

However, the undersigned submits that Herron's description of Voyles's use of excessive force provides sufficient specificity to state a plausible claim for relief. In the first amended complaint, Herron states that, while he was handcuffed in the back of a police car, Voyles slapped him on the face. The Sixth Circuit has held that "'[u]nder specific circumstances, a slap may constitute a sufficiently obvious constitutional violation' where a plaintiff is handcuffed and complying with officers' demands." Lucier v. City of Ecorse, 601 F. App'x 372, 379 (6th Cir. 2015) (quoting Pigram ex rel. Pigram v. Chaudoin, 199 F. App'x 509, 513 (6th Cir. 2006)); Carico v. Benton, Ireland, & Stovall, 68 F. App'x 632, 637–38 (6th Cir. 2003); see also Uhuru v. City of Memphis, No. 08-2150-V, 2009 WL 3255196, at *11 (W.D. Tenn. Oct. 6, 2009) ("Once an individual is handcuffed, the further use of force is unquestionably prohibited absent exigent circumstances." (citing McDowell v. Rogers, 863 F.2d 1302, 1307 (6th Cir. 1988))).

Consequently, the undersigned recommends that, under the third ground for revision provided in L.R. 7.3(b), the August 22 order should be revised to include Herron's claim of excessive force against Voyles.

Regarding Herron's allegations that he was subjected to excessive force through exposure to extremely high heat, the undersigned submits that there are no grounds for revising the August 22 order. Herron's allegations state that a John Doe officer exposed him to this excessive heat. As the August 22 order points out, the statute of limitations does not toll for such nonspecific claims, and the statute of limitations has expired. See (ECF No. 15 at 4 n.3); see also Tennessee Code Annotated § 28-3-104(a)(1)(A); Buckner v. City of Memphis Claims & Risk Mgmt., No. 17-5264, 2017 WL 8180568, at *2 (6th Cir. Oct. 18, 2017). Herron also alleges that Officers Moody and Voyles breached their duty to end his exposure to high heat, but the August 22 order notes that these allegations are too general to be sustained because they do not specify that Moody and Voyles knew he was being exposed to high heat. (ECF No. 15 at 5.)

The undersigned submits that there are no grounds for revising the August 22 order dismissing Herron's remaining claims, the state law tort claims, as not adequately asserted against any individual defendant. (ECF No. 15 at 6.) Accordingly, the court finds that

Herron's motion to reallege the complaints dismissed in the first amended complaint should be granted in part and denied in part.

**D.  Proposed Third Amended Complaint**

The proposed third amended complaint repeats a summarized version of the claims raised in the first amended complaint, except in one key aspect.  It alleges that Voyles witnessed Herron being beaten by other officers.  When taken together with the facts in the first amended complaint describing the nature of the beating, this claim plausibly alleges that Voyles violated Herron's rights by failing to protect him from an unconstitutional use of force. See Barton v. City of Lincoln Park, No. 17-1073, 2018 WL 1129737, at *3-4 (6th Cir. Mar. 1, 2018) ("Generally, a police officer will be liable for breaching a duty of protection when '(1) the officer observed or had reason to know that excessive force would be or was being used, and (2) the officer had both the opportunity and the means to prevent the harm from occurring.'" (quoting Turner v. Scott, 119 F.3d 425, 429 (6th Cir. 1997))).  Therefore, the court finds that this portion of Herron's proposed third amended complaint survives screening while the remainder should be dismissed.

**E.  Motion to Dismiss**

As discussed above, most of Voyles's motion to dismiss has been rendered moot by Herron filing his proposed third amended complaint.  The only pertinent section from this motion concerns

-11-

Voyles's arguments against the allegation that he failed to provide Herron with medical care.  Voyles argues the allegation should be dismissed because it would fail the subjective component of the Fourteenth Amendment's deliberate indifference standard since Herron has failed to allege that Voyles knew any facts from which he could draw an inference that Herron was having a seizure.  (ECF No. 46-1 at 3 to 4, 9.)  However, the August 22 order already recognized that Herron's claim would fail the subjective component of the Fourteenth Amendment's deliberate indifference standard. Nonetheless, the August 22 order did not dismiss the claim because the Sixth Circuit has not yet decided whether a plaintiff in Herron's situation should be held to the Fourteenth Amendment's standard, which has subjective and objective components, or the Fourth Amendment's standard, which is entirely objective.  (ECF No. 15 at 6); see also Esch v. Cty. of Kent, 699 F. App'x 509, 514-15 (6th Cir. 2017).  Voyles's motion does not address whether Herron's claim would survive the application of the Fourth Amendment's objective standard.  Consequently, this particular argument made by Voyles provides no basis to dismiss the failure to provide medical care claim.

Voyles also argues that the allegation should be dismissed because Herron has not shown the delay in treatment had a detrimental effect on his health.  In certain circumstances, the Sixth Circuit requires plaintiffs who are alleging that government

-12-

agents failed to provide necessary medical treatment to show whether a delay in receiving treatment harmed them.  Bush v. Dickerson, No. 16-6140, 2017 WL 3122012, at *3 (6th Cir. May 3, 2017) (quoting Blackmore v. Kalamazoo Cty., 390 F.3d 890, 898 (6th Cir. 2004)).  But, the Sixth Circuit does not require such a showing when "facts show an obvious need for medical care that laymen would readily discern as requiring prompt medical attention by competent health care providers."  Id.  In this case, Herron alleges that Voyles observed him struggling to breathe, sweating, and drifting in and out of consciousness.  A layman observing an individual in this condition could readily determine that prompt medical attention was needed.  Thus, the court finds that this final portion of Voyles's motion to dismiss should be denied.

### III. RECOMMENDATION

For the reasons given above, the undersigned recommends that Herron's third motion to amend and for revision be granted in part and denied in part and that the remaining motions be denied. Specifically, it is recommended that Herron be granted leave to bring the excessive force claims against defendant Voyles based upon (1) Voyles allegedly slapping Herron on the face and (2) Voyles allegedly failing to prevent other officers from assaulting Herron.  These claims would be in addition to the other claim against Voyles recognized by the August 22 order, namely, the failure to provide medical treatment.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

July 6, 2018
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**