# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| KEITH HERRON, | ) |
| Plaintiff, | ) |
| | ) No. 2:15-cv-02145-TLP-tmp |
| v. | ) JURY DEMAND |
| DAVID VOYLES, et al., | ) |
| Defendants. | ) |

## ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff, pro se, moves for Summary Judgment. (ECF No. 80.) For the reasons noted below, the Court denies Plaintiff's Motion for Summary Judgment.

## BACKGROUND

Plaintiff, Keith Herron, who is presently incarcerated at the United States Penitentiary in Pine Knot, Kentucky, filed a pro se complaint alleging numerous civil rights violations under 42 U.S.C. § 1983 related to police actions surrounding his arrest. (ECF No. 1.) The Court dismissed his complaint for failure to state a claim, but gave Herron leave to amend, which he did. (ECF Nos. 5, 12.) Upon reviewing Herron's first amended complaint, the Court dismissed 12 of the 13 defendants and all but one of Herron's claims against Officer Voyles, the remaining defendant. (ECF No. 15.) Herron then filed a second and a third amended complaint, along with a Motion to Revise, which the Magistrate Court jointly-addressed in a Report and Recommendation that this Court adopted and to which Voyles never objected. (ECF Nos. 19, 72, 76, 78, 80.)

In the Report and Recommendation, the Magistrate Court allowed Herron to move forward with two claims against Voyles: excessive force and failure to provide medical treatment. (ECF No. 76.) Herron alleges two distinct theories for excessive force. First, Herron claims that Voyles slapped him on the face when he was handcuffed in the back of the police car. (*Id*. at PageID 377–78.) Second, Herron alleges that Voyles witnessed Herron being beaten by other officers, but failed to protect him from the allegedly unconstitutional use of force. (*Id*. at PageID 379.) Finally, Herron alleges that Voyles observed him struggling to breathe and maintain consciousness yet failed to seek medical attention. (*Id*. at PageID 381.)

## **STANDARD OF REVIEW**

"[A] court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "establish[es] or refute[s] an essential element of the cause of action or defense." *Bruederle v. Louisville Metro Gov't*, 687 F.3d 771, 776 (6th Cir. 2012) (internal quotation marks omitted). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "[T]he court must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration." *Taft Broadcasting Co. v. United States*, 929 F.2d 240, 248 (6th Cir. 1991).

"The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact." *Mosholder v. Barnhardt*, 679 F.3d 443, 448 (6th Cir. 2012) (citing *Celotex Corp v. Catrett,* 477 U.S. 317, 323 (1986)). "Once the moving party satisfies

its initial burden, the burden shifts to the nonmoving party to set forth specific facts showing a triable issue of material fact." *Id.* at 448–49 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). "When the non-moving party fails to make a sufficient showing of an essential element of his case on which he bears the burden of proof, the moving parties are entitled to judgment as a matter of law and summary judgment is proper." *Chapman v. UAW Local 1005*, 670 F.3d 677, 680 (6th Cir. 2012) (citing *Celotex Corp.*, 477 U.S. at 323).

## ANALYSIS

**I.     There are Genuine Issues of Material Fact as to Whether Voyles Slapped Herron or Prevented other Officers from Assaulting Him**

Herron alleges that Voyles "was slapping [him] in his face with gloves after [he] was arrested and placed in the back seat of the patrol car with his hands cuffed behind his back . . . ." (ECF No. 80 at PageID 390.) "'Under specific circumstances, a slap may constitute a sufficiently obvious constitutional violation where a plaintiff is handcuffed and complying with officers' demands." *Lucier v. City of Ecorse*, 601 F. App'x 372, 379 (6th Cir. 2015) (quoting *Pigram ex rel. Pigram v. Chaudoin*, 199 F. App'x 509, 513 (6th Cir. 2006)); *Carico v. Benton, Ireland, & Stovall*, 68 F. App'x 632, 637-38 (6th Cir. 2003); *see also Uhuru v. City of Memphis*, No. 08-2150-V, 2009 WL 3255196, at *11 (W.D. Tenn. Oct. 6, 2009) ("Once an individual is handcuffed, the further use of force is unquestionably prohibited absent exigent circumstances.") (citing *McDowell v. Rogers*, 863 F.2d 1302, 1307 (6th Cir. 1988)).

Herron also claims that Voyles "failed to protect [him] from unconstitutional use of excessive force by other officers . . . ." (ECF No. 80 at PageID 390.) "Generally, a police officer will be liable for breaching a duty of protection when '(1) the officer observed or had reason to know that excessive force would be or was being used, and (2) the officer had both

3

the opportunity and the means to prevent the harm from occurring.'" *Barton v. City of Lincoln Park*, 726 F. App'x 361, 365 (6th Cir. 2018) (quoting Turner v. Scott, 119 F.3d 425, 429 (6th Cir. 1997)).

Herron appears to believe he is entitled to summary adjudication on these issues because Voyles did not object to the Magistrate Court's Report and Recommendation that these claims not be dismissed. (ECF No. 80 at PageID 390.) A party who fails to object to a Report and Recommendation waives their right to appeal the decision. *Smith v. Detroit Fed'n of Teachers Local 231, Am. Fed'n of Teachers, AFL-CIO*, 829 F.2d 1370, 1373 (6th Cir. 1987). But just because Voyles waived his right to challenge the Magistrate Judge's recommendation to allow these claims to proceed, is not the same as admitting these claims are true. Indeed, Voyles states in his affidavit that he "did not punch slap or kick Keith Herron as alleged in the [c]omplaint," nor did he "witness any other officers striking him." (ECF No. 82-1 at PageID 431.) The waiver by Voyles here simply means this claim proceeds as a contested issue.

This Court finds there are genuine disputes of material fact as to whether Voyles slapped Herron or witnessed any other police officer strike him. The Court, therefore, declines to summarily adjudicate this claim.

## II. There is a Genuine Dispute as to Whether Voyles Neglected to Provide Herron with Medical Treatment

Herron also asserts that Voyles "observed him struggling to breathe, sweating, and drifting in and out of consciousness," but did not provide medical care. (ECF No. 76 at PageID 380–81.) Government officials act with deliberate indifference, in violation of the eighth amendment, where they "intentionally deny[] or delay[] access to medical care . . . for a serious medical need." *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 895 (6th Cir. 2004).

4

As with the previous claim, though, Herron believes these claims are "deemed admitted" because Voyles did not object to the Magistrate Court recommending this claim not be dismissed. (ECF No. 80 at PageID 393.) Voyles claims in his affidavit, though, that he did not "observe Mr. Herron struggling to breathe . . . [and that] [b]ased upon [his] personal observation and recollection, Mr. Herron received any and all treatment promptly when as [sic] and when it was needed." (ECF No. 82-1 at PageID 432.)

Viewed in the light most favorable to Voyles, then, this Court finds there are genuine disputes of material fact as to whether Voyles neglected to provide Herron with adequate medical treatment. Summary judgment is not appropriate at this time.

## **CONCLUSION**

For the above reasons, the Court DENIES Plaintiff's Motion for Summary Judgment.

**SO ORDERED**, this 7th day of December, 2018.

     s/ Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE